# UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF ILLINOIS
# EASTERN DIVISION

| | |
|---|---|
| KARLA PENA, | ) |
| *Plaintiff*, | ) |
| | ) Case No. 18-cv-05039 |
| v. | ) |
| PORTFOLIO RECOVERY ASSOCIATES, LLC, | ) |
| *Defendant*. | ) Jury Demanded |

## COMPLAINT

Plaintiff, Karla Pena, brings this action under the Fair Debt Collection Practices Act, 15 U.S.C. § 1692, *et seq*. ("FDCPA"), and alleges:

## JURISDICTION AND VENUE

1. This Court has jurisdiction pursuant to § 1692k(d) of the FDCPA, and 28 U.S.C. § 1331, and pursuant to 28 U.S.C. § 1367 as to Plaintiff's state law claim(s).

2. Venue is proper in this District because parts of the acts and transactions occurred here and Defendant transacts substantial business here.

## STANDING

3. Plaintiff has a congressionally defined right to receive all communications from a debt collector free from any false representations and false threats. *E.g. Genova v. IC Systems, Inc.*, No. CV 16-5621, 2017 WL 2289289, at *3 (D.N.J. May 25, 2017).

4. Plaintiff has thus suffered an injury as a result of Defendant's conduct, giving rise to standing before this Court. *Spokeo, Inc. v. Robins*, 136 S. Ct. 1540, 1544 (2016), quoting *Lujan v. Defendaers of Wildlife*, 504 U.S. 555, 580 (1992) (Congress has the power to define injuries and articulate chains of causation that will give rise to a case or controversy where none

existed before.); *Bellwood v. Dwivedi*, 895 F. 2d 1521, 1526-27 (7th Cir. 1990) ("Congress can create new substantive rights, such as a right to be free from misrepresentations, and if that right is invaded the holder of the right can sue without running afoul of Article III, even if he incurs no other injury[.]").

## PARTIES

5. Plaintiff, Karla Pena ("Plaintiff"), is a resident of the State of Illinois, from whom Defendant attempted to collect a delinquent consumer debt allegedly owed for a defaulted Walmart consumer credit account. Plaintiff is thus a consumer as that term is defined in 15 U.S.C. § 1692a(3) of the FDCPA.

6. Defendant Portfolio Recovery Associates, LLC, ("PRA"), is a Delaware limited liability company that acts as a debt collector, as defined by § 1692a of the FDCPA, because it regularly uses the mails and/or telephone to collect, or attempt to collect, directly or indirectly, defaulted consumer debts. Defendant operates a nationwide delinquent debt collection business, and attempts to collect debts from consumers in virtually every state, including consumers in the State of Illinois

7. PRA is authorized to conduct business in Illinois, and maintains a registered agent here. (Exhibit A, Record from the Illinois Secretary of State).

8. PRA is engaged in the business of a collection agency, using the mails and telephone to collect consumer debts originally owed to others.

9. PRA's primary business is the purchase, collection and management of portfolios of nonperforming loans that have been charged-off by the credit grantor. *See* PRA Group, Inc., Annual Report (2016 Form 10-K), at 5, available at http://ir.pragroup.com/annuals-proxies.cfm (viewed Sep. 22, 2017).

10. The principal purpose of PRA's business is the collection of debts, as it does not receive any significant revenue from other operations. *Id*.

11. PRA is thus a "debt collector" as defined in 15 U.S.C. § 1692a(6) of the FDCPA, and a "third-party debt collector" as defined in Tex. Fin. Code § 392.001(7).

## FACTUAL ALLEGATIONS

12. According to Defendant, Plaintiff incurred an alleged debt for goods and services used for personal purposes, originally for a Walmart consumer credit account beginning in 6035 ("alleged debt"). The alleged debt is thus a "debt" as that term is defined at § 1692a(5) of the FDCPA.

13. Due to her financial circumstances, Plaintiff could not pay any debts, and the alleged debt went into default.

14. PRA subsequently began collecting the alleged debt.

15. On or about July 24, 2017, PRA mailed Plaintiff a collection letter ("Letter"). (Exhibit C, Collection Letter).

16. The Letter conveyed information about the alleged debt, including an account number, the identity of the creditor, and an amount due.

17. Thus, the Letter was a communication as that term is defined at §1692a(2) of the FDCPA.

18. The final page of the Letter contains a balance calculation and states, in pertinent part:

> Total Amount of Transactions since charge-off:
>     Interest:     $0.00
>     Non-Interest Charges/Fees or Balance Adjustments: $0.00
>     Payments:     $0.00
> Total Now Due: $1,688.66

(Exhibit C, Letter).

19. The Letter lists Non-Interest Charges/Fees as $0.00.

20. Plaintiff believed, as would the unsophisticated consumer, that non-interest charges and fees would begin to accrue because of their inclusion in the balance itemization.

21. However, no non-interest charges or fees were ever going to be assessed on the alleged debt, as it had been charged off.

22. The FDCPA prohibits debt collectors from falsely implying that fees and collection costs might accrue if the debt is not quickly paid. *Wood v. Allied Interstate*, LLC, No. 17 C 4921, 2018 WL 2967061, at *3 (N.D. Ill. June 13, 2018).

23. Further confusing Plaintiff, the Letter states the balance <u>now</u> due is $1,688.66, as though the balance could increase in the future due to one of the itemized charges accruing. (Ex. C, Letter) (emphasis added).

24. 15 U.S.C. § 1692e of the FDCPA provides as follows:

> **False or misleading representations**
>
> **A debt collector may not use any false, deceptive, or misleading representations or means in connection with the collection of any debt. . .**

25. PRA falsely threatened collect non-interest charges and fees, in violation of 15 U.S.C. § 1692e, when it included those items in a dunning letter for a debt where no such charges could accrue.

26. Such a statement is material because it could be a factor in a consumer's decision-making process and properly alleges a claim under § 1692e of the FDCPA. *Boucher v. Fin. Sys. of Green Bay, Inc.*, 880 F.3d 362, 368 (7th Cir. 2018).

27. Defendant could have avoided any confusion by simply not including items in the list that would not and could not ever accrue.

28. PRA made this threat in an attempt to coerce Plaintiff into paying the balance on the alleged debt to avoid paying an increased amount in the future.

29. Plaintiff experienced negative emotions about Defendant's collection communications, including general annoyance, aggravation, and other garden variety emotional distress.

30. Defendant's collection communications are to be interpreted under the "unsophisticated consumer" standard. *See*, *Gammon v. GC Services, Ltd. Partnership*, 27 F.3d 1254, 1257 (7th Cir. 1994).

## COUNT I- FAIR DEBT COLLECTION PRACTICES ACT

70. PRA falsely threatened collect non-interest charges and fees, in violation of 15 U.S.C. § 1692e, when it included those items in a dunning letter for a debt where no such charges could accrue.

WHEREFORE, Plaintiff respectfully asks this Court enter judgment in Plaintiff's favor and against Defendant PRA as follows:

    A. Actual damages pursuant to 15 U.S.C. § 1692k(a)(1);

    B. Statutory damages pursuant to 15 U.S.C. § 1692k(a)(2);

    C. Costs and reasonable attorney fees pursuant to 15 U.S.C. § 1692k(a)(3); and

    D. Such other or further relief as the Court deems proper.

## JURY DEMAND

Plaintiff demands trial by jury.

By: s/Celetha Chatman

One of Plaintiff's Attorneys

Michael Wood
Celetha Chatman
**Community Lawyers Group, Ltd.**
73 W. Monroe Street, Suite 514
Chicago, IL 60603
Ph: (312) 757-1880
Fx: (312) 265-3227
cchatman@communitylawyersgroup.com